UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2018 APR 16 A 11: 07
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| CHARLES D. GIANETTI<br>3715 Main St.<br>Bridgeport, CT 06606,<br>        Plaintiff<br><br>v.<br><br>TEAKWOOD, LTD.<br>c/o Robert J. Behal, Esq.<br>Statutory Agent<br>501 S. High St.<br>Columbus, OH 43215,<br><br>DAVID W. HOUZE<br>732 Stonewood Ct.<br>Columbus, OH 43235,<br><br>TODD FENTRESS<br>c/o Clark, Schaefer, Hackett<br>4449 Easton Way, Suite 400<br>Colimbus, OH 43219,<br><br>256 ENTERPRISES, INC.<br>c/o Robert J. Behal, Esq.<br>Statutory Agent<br>501 S. High St.<br>Columbus, OH 43215,<br><br>HERITAGES RESOURCES, INC.<br>c/o Robert J. Behal, Esq.<br>Statutory Agent<br>501 S. High St.<br>Columbus, OH 43215,<br><br>JACK D'AURORA<br>501 S. High St.<br>Columbus, OH 43215,<br><br>ROBERT J. BEHAL<br>501 S. High St.<br>Columbus, OH 43215,<br>        Defendants | Civil Case No. 3:18CV542SRU<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT

## PARTIES

1. Plaintiff is an individual residing in Connecticut, having a business and mailing address located at 3715 Main St., Suite 304, Bridgeport, CT 06606.

2. Defendant Teakwood, Ltd. is an Ohio limited liability company formed and existing under Ohio law, with the rights of the parties and the agreement interpreted in accordance with the laws of the State of Ohio.

3. Defendant David W. Houze is an individual residing in Ohio, and was a principal and managing member, or else exercised operational control and/or ownership over business entities, including a business entity known as Discovery 76, that were principals and managing members that merged into Teakwood, Ltd. in and around April 2003. Discovery 76 was terminated and merged out of existence in 2003.

4. Defendant 256 Enterprises, Inc. is a corporation formed and existing under Ohio law.

5. Defendant Heritages Resources, Inc. is a corporation formed and existing under Ohio law.

6. Defendants 256 Enterprises, Inc. and Heritage Resources, Inc. are the managing members of Teakwood, Ltd.

7. Defendant Todd Fentress is an individual residing in Ohio and is the sole owner of defendants 256 Enterprises, Inc. and Heritage Resources, Inc. Defendant Fentress succeeded defendant Houze as owner and principal of defendants 256 Enterprises, Inc. and Heritage Resources, Inc.

8. Defendant Jack D'Aurora is an attorney, practicing in Ohio, represented

Discovery 76 in negotiations which led to its termination, and represents Teakwood, LLC.

9. Defendant Robert J. Behal is an attorney, practicing in Ohio, represented Discovery 76 in negotiations which led to its termination, and represents Teakwood, LLC.

10. Defendants D'Aurora and Behal are members of the Behal Law Group.

## JURISDICTION

11. This court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332 because plaintiff is a resident of Connecticut and defendants reside in or are located in Ohio, and the amount in controversy exceeds $75,000.

## VENUE

12. Venue is proper in this court in that plaintiff resides in Connecticut, the proposal to become a limited partner in Discovery 76, an Ohio limited partnership established in 1975 and no longer in existence (disposition as set forth below), was presented in Connecticut, and the contract establishing the relationship between plaintiff and defendants was signed in Connecticut. Business has been transacted in Connecticut from time to time since the inception of the contract to the present.

## FACTUAL ALLEGATIONS

13. Plaintiff was a limited partner in Discovery 76, an Ohio limited partnership established in 1975 with ownership of about 40 rehab properties with 200 residential rental units in Columbus, subject to HUD rules and regulations.

14. Discovery 76 had owned several parcels of real estate in and around the greater Columbus area that contained housing units, the inhabitants of which received rental assistance, and at least a portion of the tenants' rent payments were in the form of U. S. Department of Housing and Urban Development rental subsidies.

15. In 1976, plaintiff, a resident of Connecticut as presently, obtained his partnership interest in Discovery 76 as an investment and tax shelter sold through Shearson Hayden Stone, a brokerage company located in Greenwich, Connecticut.

16. In or about 1984, defendant Houze became the general partner of Discovery 76. According to Article 21b. of the Agreement, <u>Withdrawal of General Partners</u>, for a General Partner to resign, unanimous consent of the Limited Partners was necessary before the tenth anniversary of the Final Endorsement (and other conditions had to be met). On information and belief, defendant Houze did not receive unanimous consent of the Limited Partners.

17. Related to a legal matter in 1987, a limited appraisal was performed which assigned a value of $5,000,000.00 to $5,250,000.00 to the properties of Discovery 76.

18. In or about 1988, a sale of partnership property was made.

19. In or about 1992, an exchange of partnership property was made.

20. In 1994, a proposal to dispose of Discovery 76 by a part sale, part donation program to a charitable organization was presented to the limited partners. The scenario with the greatest benefit to the limited partners, based on an estimate of potential appraised value, demonstrated a net federal tax benefit of $51,258 per partner, as well as terminating the partnership. No further action was taken on the proposal.

21. In or about 1995, defendant Houze withdrew as General Partner and formed Medallion-Discovery, an Ohio LLC, as a substitute General Partner, purportedly pursuant to Article 21b of the Amended and Restated Agreement. At that time, Article 21(b) of the Agreement allowed resignation of any General Partner with the written consent of 80% in interest of the Limited Partners, provided [Article 21b.(ii)(b)] the General Partner seeking to resign shall have found a substitute General Partner satisfactory to not less than 80% in

3

interest of the limited partners. Defendant Houze apparently claimed that there were sufficient votes for approval, Medallion-Discovery became the general partner, and defendant Houze somehow became a limited partner. On information and belief, defendant Houze did not receive consent of 80% in interest of the Limited Partners.

22. Discovery 76 was terminated and merged out of existence in December 2003, based on records from the Ohio Secretary of State's Office, Document No. 200334600780. Discovery 76 and several other similar entities were merged into an LLC known as Teakwood, Ltd.

23. Over the years, plaintiff received some tax benefits and cash distributions from Discovery 76.

24. A March 1999 letter from the General Partner recommended a transfer of ownership to a charitable organization, which would result in a favorable tax impact. No further action was taken on that proposal.

25. On October 8, 2000, defendant Houze, as president of general partner Medallion-Discovery, Inc., sent another proposal to terminate the partnership as part of a "tax free exchange" which "would preserve all or most of your tax basis well into the future deferring your ordinary income recognition to a future capital gain."

26. Plaintiff's efforts to convince the General Partner to sell the assets were not successful. In 2003 Discovery 76 was merged into Teakwood, Ltd., a limited liability company formed of Discovery 76 and other similar entities, according to the General Partner to work with non-profit organizations to maintain and/or dispose of low income housing, some located in the Ohio State University and Nationwide Children's Hospital areas of Columbus. Each Limited Partner was assured that the recapture of taxable income from

4

previous tax benefits would be delayed for at least 15 years, but also noting that each partner's interest in Teakwood was worthless.

27. The Amended And Restated Agreement Of Limited Partnership Of Discovery 76 ("Agreement") pursuant to Section 14e, required consent of at least 60% in interest of the Limited Partners to dispose of the partnership.

28. In an earlier action defendant Houze has testified that the 1999 and 2000 communications to the Limited Partners were different proposals.

29. The consent forms for the 2000 proposal were issued pursuant to Section 21b of the Amended And Restated Agreement Of Limited Partnership Of Discovery 76 which requires at least 80% in interest of the Limited Partners for approval.

30. In the prior action, defendant Houze testified that there were 23 Limited Partners in interest in Discovery 76.

31. 8 partners in interest consented to the 2000 proposal.

32. Plaintiff did not have the 2000 consent forms (with one exception) in his possession until on or about March 12, 2015.

33. A letter dated August 5, 2009, from Teakwood, LLC., with an unsigned closing by Heritage resources, Inc., Managing Member, referring to a pending transaction states, *inter alia*, "At the time you were informed that sufficient authorizations from other limited partners had been received which would allow the transaction to proceed."

34. A letter dated July 25, 2010, from The Behal Law Group, representing Discovery 76 in termination negotiations, signed by member of group Jack D'Aurora and referring to Discovery 76, states *inter alia*, "The market value of the project as confirmed by HUD and independent appraisals, was significantly below the existing first mortgage balance."

35. In an earlier action, defendant Houze answered that there are no appraisals in defendant's possession.

36. No market value of the project as confirmed by HUD or independent appraisals of Discovery 76 existed around the time of the 2000 proposal.

37. Also from the Behal July 25, 2010, letter, "During the process, approvals from partners were obtained in order to consummate the transaction, and such approvals and the authority for them were heavily scrutinized by experts and counsel for the buyer."

38. A letter dated May 2, 2011, from The Behal Law Group LLC and signed by Jack D'Aurora, states, *inter alia*, "Does he understand that the transaction was approved by over 60% of the limited partners? I understand that Dr. Gianetti believes that the general partner did not have the authority to dissolve Discovery 76 in the way that has occurred, but I disagree."

39. In an earlier action, in a stricken allegation plaintiff stated that defendant Houze, General Partner as president of Medallion-Discovery, had sufficient votes to consummate the 2000 proposal to dispose of Discovery 76.

40. In a letter dated May 2, 2012, from the Behal Law Group LLC and signed by Robert J. Behal, information contained in the Office of Multifamily Housing Assistance Restructuring (OMHAR) was provided. Among the disclosures was the statement that, "OHMAR required that 22 units of Discovery 76 real estate be demolished because they did not meet the requirements (or fit the goals of) HUD." The value of those properties was not ascertained by Discovery 76. The letter also listed some conditions that had to be met for a sale, which are the same conditions that were necessary for the transfer that actually occurred.

6

41. Other viable options to dispose of Discovery 76 were not pursued by defendants.

42. The names, addresses and telephone numbers of the members of Teakwood, Ltd. have been requested by plaintiff. Defendants have failed and refused to furnish the information requested. The amount of legal fees paid by Discovery 76 to The Behal Law Group has also not been disclosed.

43. According to defendants, plaintiff's ownership interest in Teakwood, LLC, is of little value, there is no market for such membership interest, and Teakwood, LLC, has no staff, no office or operation, and has scant funds available to it.

44. The Confidential Offering Memorandum of Discovery 76 states, under Fiduciary Responsibility Of The General Partners (p. 13), "General partners are accountable to limited partnerships and their limited partners as fiduciaries and consequently must exercise the utmost good faith and integrity in handling partnership affairs."

45. Agreement of Discovery 76, Article 24, <u>Exculpation and Indemnification of General Partners,</u> states in pertinent part, "…the Limited Partners…shall not subject the General Partners to any personal liability…to the Limited Partners unless the General Partners acted in bad faith or were grossly negligent."

COUNT I: <u>Fraudulent concealment and misrepresentation as to defendant Houze.</u>

1.-45. Plaintiff incorporates and realleges Paragraphs 1-45 as though fully restated herein.

46. A March 1999 letter from defendant Houze, as president of general partner Medallion-Discovery, Inc., recommended a transfer of ownership of Discovery 76 to a charitable organization, which would result in a favorable tax impact. No further action was taken on that proposal.

47. On October 8, 2000, defendant Houze sent to the limited partners a different proposal to dispose of the partnership which "would preserve all or most of your tax basis well into the future deferring your ordinary income recognition to a future capital gain."

48. In an earlier action, defendant Houze has testified that the 1999 and 2000 communications to the Limited Partners were different proposals.

49. In correspondence dated March 4, 1999, defendant Houze, signing on behalf of the general partner entity, stated, *inter alia*, there was a "...need for continuing appraisals..."

50. Around the time of the 2000 proposal defendant Houze had no appraisal of the Discovery 76 properties.

51. In an earlier action, in a stricken allegation plaintiff stated that defendant Houze, president of General Partner Medallion-Discovery, had sufficient votes to consummate the 2000 proposal to dispose of Discovery 76.

52. In 2003, defendant Houze informed limited partners that Discovery 76 had been terminated by merging it into an LLC called Teakwood, Ltd.

53. In a prior action, defendant Houze testified that there were 23 limited partnership interests in Discovery 76.

54. 8 Limited Partners consented to the 2000 proposal.

55. Article 14e of the Agreement of Discovery 76 required the written consent of at least 60% in interest of Limited Partners for approval of any proposal to dispose of Discovery 76.

56. However, the consent forms for the 2000 proposal were issued pursuant to Article 21b of the Agreement which required approval of 80% in interest of Limited Partners to authorize action under that Article.

57. 8 out 23 Limited Partners is only about 35% in interest.

58. Even under Article 14e the consents were far short of the 60% needed for approval of any action to dispose of Discovery 76

59. Plaintiff did not become aware of the actual number of limited partners consenting to the 2000 proposal until on or about March 12, 2015.

60. On information and belief, defendant Houze did not have required Limited Partner consents to become General Partner.

61. On information and belief, defendant Houze did not have required Limited Partner consents to withdraw as General Partner and form Medallion-Discovery, an Ohio LLC, as a substitute General Partner.

62. The actions in the preceding two paragraphs constitute part of the continuous pattern of fraudulent activity engaged in by defendant Houze.

63. As a result of the fraudulence of defendant Houze, plaintiff has been harmed.

COUNT II: Conspiracy to commit fraud as to defendants Jack D'Aurora and Robert Behal (The Behal Law Group).

1-63. Plaintiff incorporates and realleges Paragraphs 1-63 as though fully restated herein.

64. Defendants D'Aurora and Behal, members of The Behal Law Group, represented Discovery 76 in termination negotiations.

65. Defendants D'Aurora and Behal were aware of the facts alleged in paragraphs 34, 27, 38 and 40. A letter dated July 25, 2010, from The Behal Law Group, representing Discovery 76 in termination negotiations, signed by member of group Jack D'aurora and referring to Discovery 76, states *inter alia*, "The market value of the project as confirmed by HUD and independent appraisals, was significantly below the existing first mortgage balance."

66. In an earlier action, defendant Houze answered that there are no appraisals in defendant's possession.

67. No market value of the project as confirmed by HUD or independent appraisals of Discovery 76 existed around the time of the 2000 proposal.

68. Also from the Behal July 25, 2010, letter, "During the process, approvals from partners were obtained in order to consummate the transaction, and such approvals and the authority for them were heavily scrutinized by experts and counsel for the buyer."

69. A letter dated May 2, 2011, from The Behal Law Group LLC and signed by Jack D'Aurora, states, *inter alia*, "Does he understand that the transaction was approved by over 60% of the limited partners? I understand that Dr. Gianetti believes that the general partner did not have the authority to dissolve Discovery 76 in the way that has occurred, but I disagree."

70. Defendant Behal states in letter dated May 12, 2012, that OMHAR ordered the destruction of 22 units of Discovery 76.

71. Defendants D'Aurora and Behal were aware that there was no appraisal of the properties in defendant Houze's possession prior to the disposition and termination of Discovery 76.

72. The value and use for the 22 destroyed properties was not investigated or ascertained by defendants D'Aurora and Behal.

73. Defendants D'Aurora and Behal knew that there were insufficient Limited Partner consents to consummate the termination of Discovery 76 under the 2000 proposal.

74. Limited Partners of Discovery 76, including plaintiff, were reliant on the information defendants D'Aurora and Behal set forth concerning the termination of Discovery 76.

75. Defendants D'Aurora and Behal represented the other partnerships which were merged into Teakwood, Ltd.

76. Plaintiff was harmed by the fraudulent conspiracy of defendants D'Aurora and Behal.

COUNT III: Conspiracy to commit fraud by non-disclosure as to defendants Jack D'Aurora and Robert Behal (The Behal Law Group).

1-76. Plaintiff incorporates and realleges Paragraphs 1-76 as though fully restated herein.

77. Defendants D'Aurora and Behal had a duty to disclose the facts as stated herein, and a fiduciary duty to plaintiff.

78. Defendants D'Aurora and Behal failed to disclose the facts as stated herein, and

also failed in their fiduciary duty to plaintiff.

79. Plaintiff has been harmed by defendants' failures.

COUNT IV: Negligent misrepresentation as to defendants Jack D'Aurora and Robert Behal (The Behal Law Group).

1-79. Plaintiff incorporates and realleges Paragraphs 1-79 as though fully restated herein.

80. During the course of the series of transactions at issue herein, defendants D'Aurora and Behal were acting as part of their profession, their employment, and as part of a transaction in which they had a pecuniary interest. Defendants D'Aurora and Behal failed to inform Limited Partners of the information as alleged specifically in Paragraphs 65, 67-69 and 71-73 of Count II.

81. Their failure to disclose the true state of affairs, among other facts that there were not enough consents to proceed with the 2000 proposal, precluded the presentation of any other options for investors, including the proposition to the Limited Partners of courses of action more favorable than the actual disposition.

82. Defendants D'Aurora and Behal did not exercise reasonable care in their failure to disclose.

83. Plaintiff has been harmed thereby.

COUNT V: Professional negligence as to defendants D'Aurora and Behal.

1.-83. Plaintiff incorporates and realleges Paragraphs 1-83 as though fully restated herein.

84. At all times relevant to the allegations herein, defendants D'Aurora and Behal represented Discovery 76 and after its termination, Teakwood, LLC.

85. The representation of Discovery 76 and Teakwood, LLC included/includes the

Limited Partners of Discovery 76 and the members of Teakwood, LLC, respectively.

86. Defendants D'Aurora and Behal represented that they possessed the necessary knowledge, skill and professional judgment to act on behalf of Discovery 76 and Teakwood, LLC.

87. As set forth more specifically, *inter alia*, in Paragraphs 65, 67-9. 71 and 73, defendants D'Aurora and Behal failed in their representation of and fiduciary duty to the Limited Partners, specifically to the plaintiff.

88. Defendants D'Aurora and Behal's negligence has resulted in harm to the plaintiff.

89. As a result, defendants D'Aurora and Behal are liable to the plaintiff for financial injury and loss, and any other damages, including punitive, allowed by law.

COUNT VI: Breach of fiduciary duty as to defendant Houze.

1-83. Plaintiff incorporates and realleges Paragraphs 1-83 as though fully restated herein.

90. The Confidential Offering Memorandum of Discovery 76 states, under Fiduciary Responsibility Of The General Partners (p. 13), "General partners are accountable to limited partnerships and their limited partners as fiduciaries and consequently must exercise the utmost good faith and integrity in handling partnership affairs."

91. Defendant Houze fraudulently concealed that there were not the required consents of at least 60% in interest of Limited Partners to dispose of Discovery 76 under the 2000 proposal.

92. The property was disposed of anyway.

93. Defendant Houze did not investigate other more favorable options for the

benefit of Discovery 76.

94. Defendant Houze owes plaintiff a fiduciary duty by virtue of common law, statutory law, and the limited partnership Agreement at issue in this case. Such fiduciary duty required defendant Houze to disclose all viable options associated with the project real estate. In the exercise of the fiduciary duties owed by the General Partner to the Limited Partner, the General Partner was required to attain the greatest possible benefit for the Limited Partner. Defendant Houze failed to do so.

95. Defendant Teakwood, Ltd. and its managers and owners of the managers are liable as a surviving entity pursuant to R.C. 1782.434(A)(3) and (4).

96. Plaintiff has been harmed by defendant Houze's breach of fiduciary duty pursuant to the obligations of the contract.

COUNT VII: <u>Breach of contract as to defendant Houze, and defendant Fentress by succession.</u>

1-83 and 90-96. Plaintiff incorporates and realleges paragraphs 1-83 and 90-96 as though fully restated herein.

97. The allegations, particularly but not exclusively with reference to Paragraphs 47-48, 54-58, 60-61 and 94, constitute breach of contract.

98. Plaintiff has been harmed thereby.

COUNT VIII: <u>Breach of the covenant of good faith and fair dealing as to defendant Houze, and defendant Fentress by succession.</u>

1-83 and 90-98. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-98 as though fully restated herein.

99. Every contract is subject to the covenant of good faith and fair dealing.

100. Defendants Houze, and Fentress by succession, have breached the covenant.

101. Plaintiff has been harmed thereby.

COUNT IX: Negligent misrepresentation as to defendant Houze.

1-83 and 90-101. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-101 as though fully restated herein.

102. During the course of the series of transactions at issue herein, defendant Houze was acting as part of his profession, his employment, and as part of a transaction in which he had a pecuniary interest. Defendant Houze supplied false information to the Discovery 76 investors, ignoring the possibility of selling the project real estate at an appraised value and paying debts associated with the mortgage and other transactional costs and then distributing the remaining proceeds to the Limited Partners, or proposing to the Limited Partners courses of action more favorable than the actual disposition.

103. Defendant Houze did not exercise reasonable care or competence due to his failure to pursue a sale at appraised or otherwise commercially reasonable value, or other favorable course of action or disposition.

104. Plaintiff has been harmed thereby.

COUNT X: Action for discovery.

1-83. and 90-104. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-104 as though fully restated herein.

105. By virtue of his status as a member of Teakwood, Ltd., Ohio statutory law affords plaintiff a right to information concerning the other members of Teakwood, Ltd., specifically a current list of the the full name, last known business address and telephone number of each Member, former Member and other holder of membership interest in the

15

company.

106. By virtue of Ohio Revised Code ("R.C.") § 1705.22 (pertaining to limited liability companies) and R.C. § 1782.434(A)(3) (pertaining to limited partnerships), plaintiff is entitled to the foregoing information. Plaintiff is also entitled to all other information regarding the affairs of the company that is just and reasonable, in accordance with R.C. § 1705.22(A)(1)(h). In addition, by virtue of R.C. § 2317.48 and Ohio Rule of Civil Procedure 34(D), Ohio's statute and Civil Rule governing actions for discovery, plaintiff is entitled to this information.

107. In or about 1984, defendant Houze became the general partner of Discovery 76, purportedly pursuant to Article 21b of the Agreement. The consents allegedly allowing that action have not been furnished.

108. In or about 1995, defendant Houze withdrew as General Partner and formed Medallion-Discovery, an Ohio LLC, as a substitute General Partner, purportedly pursuant to Article 21b Agreement. The consents allegedly allowing that action have not been furnished.

109. Plaintiff has made due demand for the information referenced in the preceding paragraph [s] and defendants are unreasonably refusing to fully provide the information sought and are withholding certain information, namely the names and contact information for all Teakwood members and the consents allowing general partnership changes, without justifiable excuse.

COUNT XI: Accounting.

1-83. and 90-109. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-109 as though fully restated herein.

110. Plaintiff is entitled to an accounting of all transactions that occurred in the

16

disposition and termination of Discovery 76.

COUNT XII: Personal liability for damages of defendant Houze.

1-83. and 90-110. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-110 as though fully restated herein.

111. Per Article 24 of the Agreement of Discovery 76, Exculpation and Indemnification of General Partners, the general partner is not subject to any personal liability unless the general partner acts in bad faith or is grossly negligent.

112. ORC 1782.241 Care owed by general partner, states, *inter alia*, "A general partner shall not be considered to be acting in good faith if the general partner has knowledge concerning the matter in question that would cause reliance on [input from other parties] to be unwarranted."

113.. The lack of sufficient Limited Partner consents would vitiate any advice or information.

114. Defendant Houze's behavior constitutes bad faith and gross negligence and reckless and/or intentional misconduct.

115. Plaintiff has been harmed thereby, and defendant Houze is personally liable for damages.

COUNT XIII: Disregard of business entity.

1-83. and 90-115. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-115 as though fully restated herein.

116. Defendant Houze, and by succession defendant Fentress, exercised control over all business entity defendants named herein as parties, in such manner that the business

entities had and have no separate mind, will, or existence of their own. The business entities defendants named herein are inadequately capitalized, or not capitalized at all, except with funds to pay legal and accounting expenses. Defendants Houze, and by virtue of succession Fentress, control over business entity defendants is and has been exercised in such a manner as to deprive plaintiff of any benefits of a disposition of Discovery 76. Specifically, plaintiff has suffered material damage.

COUNT XIV: <u>Successor liability as to defendants Teakwood, Ltd. and Fentress.</u>

1-83. and 90-116. Plaintiff incorporates and realleges Paragraphs 1-83 and 90-116 as though fully restated herein.

117. Defendants Teakwood, Ltd. and Fentress are liable in successor capacities because of the mergers that have taken place.

WHEREFORE, plaintiff requests:

1. Monetary damages greater than $75,000.00;
2. Costs;
3. Interest;
4. Any legal fees;
5. Punitive damages as appropriate; and
6. Such further relief as is deemed reasonable and equitable.

Plaintiff, *[signature]*

Charles D. Gianetti
3715 Main St., Suite 304
Bridgeport, CT 06606
(203) 261-7923

19