# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CHARLES GIANETTI,
    Plaintiff,

v.

TEAKWOOD, LTD., et al.,
    Defendants.

No. 3:18-cv-00542 (SRU)

## ORDER ON MOTION TO DISMISS

Charles Gianetti ("Gianetti") filed a fourteen-count suit against the following defendants: Teakwood, Ltd., David Houze, Todd Fentress, 256 Enterprises, Inc., Heritages Resources, Inc., Jack D'Aurora, and Robert J. Behal, alleging: fraudulent concealment and misrepresentation (Count I); conspiracy to commit fraud (Count II); conspiracy to commit fraud by non-disclosure (Count III); negligent misrepresentation (Count IV); professional negligence (Count V); breach of fiduciary duty (Count VI); breach of contract (Count VII); breach of the covenant of good faith and fair dealing (Count VIII); negligent misrepresentation (Count IX); action for discovery (Count X); accounting (Count XI); personal liability for damages (Count XII); disregard of business entity (Count XIII); and successor liability (XIV).

Defendants argue that the District of Connecticut does not have personal jurisdiction to consider Gianetti's claims against them, and that venue is improper here. Gianetti argues that jurisdiction and venue are both proper. For the following reasons, the motion to dismiss is **GRANTED**.

**I.    Standard of Review**

   1. *Lack of Personal Jurisdiction*

A plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, there has been no discovery on jurisdictional issues and the court is relying solely on the parties' pleadings and affidavits, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

In diversity cases, courts apply the forum state's law to determine whether the court has personal jurisdiction over a defendant. *Arrowsmith v. United Press International*, 20 F.2d 219, 223 (2d Cir. 1963). "Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the foreign corporation. Second, if the statute does reach the corporation, then the court must decide whether that exercise of jurisdiction offends due process." *Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir. 1995) (citing *Green v. Sha-Na-Na*, 637 F. Supp. 591, 595 (D. Conn. 1986)).

   2. *Improper Venue*

The same standard of review is applied to a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) as is applied to dismissals for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). Although the plaintiff bears the burden of demonstrating that venue is proper, *Indymac Mortg. Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001), the plaintiff need only make a *prima facie* showing of venue if the court relies only on

pleadings and affidavits to evaluate the propriety of the forum. *Gulf Ins. Co.*, 417 F.3d at 355 (citing with alteration *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986). When proceeding on the pleadings and affidavits, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *see also U.S. Envtl. Prot. Agency v. Port Auth. of N.Y. & N.J.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (Apr. 2015 Supp.)). If a district court determines that venue is not proper, it may dismiss the case or transfer it to any district in which the case could have been brought. 28 U.S.C. § 1406(a) (2006); *see also Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *but see Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) (district court should avoid transferring a case that is a "sure loser." (citing *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006)).

## II.    Background

The following facts are drawn from the Amended Complaint, Doc. No. 1 ("Am. Compl."). The claims at issue arise out of Gianetti's interest in Discovery 76, a limited partnership and owner of real estate parcels around Columbus, Ohio. Am. Compl. at ¶¶ 14–15.

In 1976, Gianetti, a resident of Connecticut, became a limited partner in Discovery 76, a company whose inhabitants received rental subsidies. *Id*. Gianetti obtained his partnership interest in Discovery 76 as an investment and tax shelter sold through Shearson Hayden Stone, a brokerage company located in Greenwich, Connecticut. *Id.* at ¶ 15.

Gianetti attempted to convince Discovery 76 to sell its assets in the real estate but was unsuccessful. *Id.* at ¶ 26. In December 2003, Discovery 76 was terminated and merged with an

LLC known as Teakwood, Ltd., a named defendant in this case. *Id.* at ¶ 22. Gianetti was informed that his interest in Discovery 76 was now worthless. *Id.* at ¶ 26.

Gianetti filed a complaint on March 30, 2018, Doc. No. 1, and an amended complaint on April 16, 2018, Doc. No. 6. Defendants filed their motion to dismiss the amended complaint on August 13, 2018, Doc. No. 13. Gianetti opposed the motion on September 24, 2018, Doc. No. 16. Defendants replied on November 28, 2018, Doc. No. 27.

**III.   Discussion**

For the reasons set forth below, there is no personal jurisdiction and venue is improper here. Given that Gianetti's similar conduct has been found frivolous by other courts[1], the case is dismissed rather than transferred.

1. *Personal Jurisdiction*

Connecticut's long-arm jurisdiction extends to "any non-resident individual … who in person or through an agent….transacts any business within the state." Conn. Gen. Stat. § 52-59b. The statute provides for personal jurisdiction over individuals as well as foreign limited liability companies. *See Matthews v. SBA, Inc.*, 149 Conn. App. 513, 545 (2014). Furthermore, Connecticut's long-arm statute for corporations, Connecticut General Statute §33-929(f), provides, in relevant part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state ... on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this

---

[1] *See* Def's Memo Supp. Motion to Dismiss ("Def's Memo"), at 4. Gianetti has filed almost identical cases twice in state court in Ohio. When he lost and appealed his case, the Tenth District Court of Appeals affirmed the judgment.

4

> state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Defendants argue that the court does not have personal jurisdiction over any defendant. *See* Def's Memo, at 6. They contend that I should examine the "totality of the circumstances" in determining whether they "transacted business" in Connecticut, because the term "transact business" is not broadly interpreted in Connecticut and should not be based on contract negotiations or on a single act that might connect Defendants to Connecticut.

Gianetti argues that because he signed his investment contract in Connecticut, there is a cause of action "arising out of" a contract made in Connecticut, and therefore Connecticut's long-arm statute extends to Defendants. Pl's Opposition to Def's Motion to Dismiss ("Pl's Opp. Memo"), at 4. Gianetti also argues that Defendants sent cash distributions, K-1 tax forms, and other tax information to Gianetti in Connecticut, which further establishes Defendants' intent to transact business in the state. *Id.*

The fact that Gianetti signed a contract with Shearson Hayden Stone, an entity that is entirely separate from any of the defendants named here, does not establish that Defendants attempted to avail themselves of business opportunities in Connecticut and does not create a cause of action "arising out of" a contract made or to be performed in the state.[2] Furthermore, the facts that Defendants sent cash distributions and tax information to Gianetti in Connecticut, where Gianetti is and was a resident, also does not demonstrate that the defendants attempted to transact business in Connecticut.

---

[2] In his sur-reply, Gianetti asserts that Shearson Hayden Stone acted as an agent for Discovery 76. *See* Gianetti Sur-reply, Doc. No. 2, at 2. Gianetti does not, however, allege that fact in the amended complaint.

5

Gianetti does not allege any attempts by any of the defendants to transact business in Connecticut, and does not make even a *prima facie* showing that the court possesses personal jurisdiction over the defendants here.[3] *Bank Brussels Lambert*, 171 F.3d at 784. Therefore, Connecticut's long-arm statutes do not apply to any of the defendants here, and the court does not have personal jurisdiction to consider Gianetti's case.

2. *Improper Venue*

For the same reasons as those discussed above, venue is improper in Connecticut. A civil action may only be brought in a judicial district where at least one of the defendants resides, or where a substantial part of the events or omissions giving rise to a claim occurred, or where a defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Here, none of the defendants reside in Connecticut. Instead, all individual defendants reside in Ohio and none of the three legal entities is subject to personal jurisdiction in Connecticut. Am. Compl. at ¶¶ 2–9.

Gianetti alleges that venue is proper in the District of Connecticut because "business has been transacted in Connecticut from time to time since the inception of the contract." Am. Compl. at ¶ 12. Once again, Gianetti does not make a *prima facie* showing of venue here. *See Gulf Ins. Co.*, 417 F.3d at 355 (citing with alteration *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986). Therefore, the case is also dismissed for improper venue.[4]

---

[3] Gianetti introduces a new allegation in his opposition motion regarding Defendants' attempt to solicit Gianetti in Connecticut. He writes, "[n]ot only did the Defendants solicit Plaintiff in Connecticut…" Pl's Memo, Doc. No. 16, at 4. Gianetti, however, does not include that allegation in his amended complaint. Because Gianetti does not offer any support for his solicitation claim, and because he has a history of filing lawsuits that are later deemed frivolous, *see* Doc. No. 13-2, Exhibits G–K, the case is dismissed rather than transferred.

[4] Because I am dismissing the case, I do not discuss the alternative motion to transfer here.

## IV.     Conclusion

Because Gianetti fails to make a *prima facie* showing that the District of Connecticut has personal jurisdiction over any of the defendants here, and fails to make a *prima facie* showing that venue is proper, Gianetti's complaint is dismissed. The Clerk is directed to close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of March 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge